FILED'07 DEC 19 17:09USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TERRENCE JESSIE,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, and THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendants. | Civil No. 07-900-CL<br><br>**ORDER** |

**PANNER, Judge.**

On November 26, 2007, Magistrate Judge Clarke filed his Report and Recommendation ("R&R"), which recommended granting Defendants' motion to dismiss the second and third claims. The matter is now before me for *de novo* review. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

I agree with the end result, but reach it by a slightly different path. The R&R recommends dismissing the Second Claim "because no records have been withheld from counsel, and thus, the court lacks subject matter jurisdiction."

"Jurisdiction" "is a word of many, too many, meanings." Arbaugh v. Y & H Corp., 546 U.S. 500, 510 (2006). In Arbaugh, noting that the term "jurisdiction" has been over-used, the Court

re-emphasized "the distinction between two sometimes confused or conflated concepts: federal-court 'subject-matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for relief". Id. at 503.

On its face, the Complaint presents a claim for violation of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). An agency's denial that it has withheld documents within the scope of a FOIA request does not deprive the court of "subject matter jurisdiction" over the claim. A plaintiff need not accept the agency's denials at face value, but can present proof that the agency in fact has the documents he seeks. See Marks v. United States Department of Justice, 579 F.2d 261, 263 (9th Cir. 1978).

If the plaintiff cannot show that any documents were withheld, then he has failed to adduce evidence supporting an element of his claim. Id. That is not a jurisdictional defect, but a failure of proof. In such circumstance, the court has jurisdiction over the matter, but must enter judgment for the defendant on that claim.[1] Accordingly, the agency's bare denial does not automatically defeat the Plaintiff's claim, or deprive this court of subject matter jurisdiction over this claim.

However, the record here discloses a separate defect that precludes judicial review. Plaintiff's administrative appeal from the agency's initial determination is still pending.

---

[1] Were the rule otherwise, no case could ever be decided for the defendant on the merits. Once the jury returned a defense verdict, the court would immediately be obliged to dismiss the claim for "lack of jurisdiction," thereby permitting the defendant to try the matter anew in another court.

2 - ORDER

Declaration of Debbie Verzi.  Consequently, Plaintiff has not yet exhausted his administrative remedies.  Cf. Hidalgo v. Federal Bureau of Investigation, 344 F.3d 1256 (D.C. Cir. 2003) (exhaustion of administrative remedies, including agency appeal process, ordinarily is required before seeking judicial review under the Freedom of Information Act).  Plaintiff's second claim is not yet ripe.  Accordingly, it is dismissed without prejudice.

Plaintiff's third claim challenges the Social Security Administration's reliance on what Plaintiff contends is unreliable vocational expert testimony concerning the number of jobs that exist in the national economy, for a given occupation.  Plaintiff contends this violates his rights under the Fifth (due process clause) and Ninth Amendments to the U.S. Constitution.

Plaintiff's argument is so poorly developed that it is difficult to ascertain precisely what he is alleging.  If a claimant disputes a vocational expert's testimony regarding the number of jobs that exist in the national economy for a particular occupation, the claimant may--within reason--develop the record by questioning the vocational expert during the administrative hearing, present relevant evidence rebutting the testimony of the vocational expert, and address the issue during closing remarks at the hearing.[2]  See Hoopai v. Astrue, 499 F.3d

---

[2] In Bayliss v. Barnhart, 427 F.3d 1211 (9th Cir. 2005), the court stated that "[a] VE's recognized expertise provides the necessary foundation for his or her testimony.  Thus, no additional foundation is required."  Bayliss does not hold that a vocational expert's testimony is unrebuttable.  Bayliss merely applies the established principle that a qualified expert may offer an opinion without first testifying to the underlying facts or data.  Cf. Fed. R. Evid. 705 (stating the same principle).

3 - ORDER

1071, 1077 (9th Cir. 2007); Burkhart v. Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988).

Questions posed to the vocational expert must concern factual matters or the opinions offered by the expert, not legal conclusions. See Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1480 (9th Cir. 1989) (what quantum of jobs constitutes a "significant number" is a question of law to be decided by the Administrative Law Judge, not the vocational expert). The Administrative Law Judge has discretion to manage the hearing, limit cumulative testimony, and otherwise keep the proceedings focused on the relevant issues. See Solis v. Schweiker, 719 F.2d 301, 302 (9th Cir. 1983); 5 U.S.C. § 556(d).

If Plaintiff contends the Administrative Law Judge erred in this regard--whether by improperly preventing counsel from adducing relevant evidence or by making findings not supported by substantial evidence--then that issue can be addressed when the court reviews the agency decision, just as in any other social security disability action. The scope of district court review ordinarily encompasses both procedural and substantive errors. Asserting a separate "due process" claim is neither necessary nor appropriate.

### Conclusion

Magistrate Judge Clarke's Report and Recommendation (docket # 12) is adopted, as modified above. Defendant's motion (# 9) to dismiss the second and third claims is granted. The claims are dismissed without prejudice. The second claim is not yet ripe, while the third claim is subsumed within the first claim.

4 - ORDER

This action will continue as a conventional petition for review of an agency decision denying social security disability benefits.

IT IS SO ORDERED.

DATED this ___19___ day of December, 2007.

                                            _____
                                            Owen M. Panner
                                            United States District Judge